IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROGER LYNN, )
 )
        Plaintiff, )
 )
vs. )   Case No. 09-cv-0394-MJR
 )
UNUM LIFE INSURANCE )
COMPANY OF AMERICA, )
 )
        Defendant. )

## MEMORANDUM and ORDER

REAGAN, District Judge:

Seven weeks ago, Roger Lynn filed suit in this Court against Unum Life Insurance Company. Lynn alleged that Unum, who had issued a group insurance policy that included long term disability income benefits, wrongly denied him disability benefits to which he was entitled. Significantly, (a) Lynn alleges that this denial violated *federal* law – ERISA, 29 U.S.C. § 1132(a)(1)(B); and (b) Lynn's complaint contains no *state* law causes of action.

The case comes now before the undersigned Judge on threshold review. The District Court's first task is to ascertain that subject matter jurisdiction lies. **McCready v. White**, **417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.");** ***Johnson v. Wattenbarger***, **361 F.3d 991, 992 (7th Cir. 2004)(district court has independent duty to**

**verify its own jurisdiction and must do so at the outset of the case).**

One obstacle slows the accomplishment of that task in the case at bar. Lynn's civil cover sheet identifies the subject matter jurisdiction of this Court as based on the federal diversity statute, 28 U.S.C. § 1332. The party invoking federal jurisdiction bears the burden of demonstrating that all requirements for jurisdiction are met. **Smart v. Local 702 International Brotherhood Of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009).** Plaintiff Lynn bears the burden here.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. So, to establish jurisdiction based on diversity, Lynn had to plead the *citizenship* of both parties and allege the requisite amount in controversy. The complaint alleges the citizenship of neither party (only the *residence* of Plaintiff Lynn; nothing about Unum's citizenship) and says nothing about the amount in controversy.

Alleging residence as opposed to citizenship is "a genuine jurisdictional problem." **The Northern League, Inc. v. Gidney, 558 F.3d 614 (7th Cir. 2009).** When the party invoking diversity jurisdiction pleads residence rather than citizenship, the district court can dismiss the suit. **See Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004); Guaranty National Title Co. V. J.E.G. Associates, 101 F.3d 57, 59 (7th Cir. 1996).** But the District Court should permit a party to amend his jurisdictional

allegations to correct this problem, where possible.  *Gidney*, **558 F.3d at 614**.

Furthermore, subject matter jurisdiction may lie under the federal question statute (28 U.S.C. § 1331) in this case.  The allegations of the complaint indicate that the "contract" in question relates to (or *is*) a welfare benefit plan governed by ERISA, which brings the lawsuit squarely within the federal question jurisdiction of this Court.  ***Automobile Mechanics Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 745 (7th Cir. 2007).  See also Gutta v. Standard Select Trust Ins. Plans, 530 F.3d 614, 620 (7th Cir. 2008)(if counterclaim sought equitable relief under 29 U.S.C. § 1132(a)(3), "then jurisdiction is secure, because … it would arise under ERISA and would fall within federal question jurisdiction.").**

Because the Court cannot assume facts regarding subject matter jurisdiction, the undersigned Judge DIRECTS Plaintiff to file a First Amended Complaint which clarifies the basis for subject matter jurisdiction.  The amended complaint should be filed on or before **July 7, 2009.**  Defendant Unum shall answer the amended complaint within the time allowed under Federal Rule of Civil Procedure 15.

IT IS SO ORDERED.

DATED this 22nd day of June 2009.

                                            s/ **Michael J. Reagan**
                                            MICHAEL J. REAGAN
                                            United States District Judge